This is a bill for the construction of the will of William G. Peckham, of Mountainside, Union county, who died on April 13th, 1924, leaving a last will dated the 11th day of June, 1921, which was duly probated on the 13th day of May, 1924.
The clause in the will under dispute reads as follows:
"I confirm prior gifts of the following, namely, to Marion W. Peckham all my other furniture and bedding wherever situate — the Steinway piano, the orchestrelle, the two automobiles."
Marion W. Peckham is the widow of the testator, and in the same paragraph is given the right to use testator's residence for five years after his death.
During his lifetime the testator acquired a collection of paintings and housed them in a separate building near his residence. On March 29th, 1921, the testator sent this collection *Page 175 
of paintings to New York, and a large part of them were sold at public auction for a total of approximately $9,700. Some pictures were returned from the sale and were hung in the residence of the testator. The use of the art gallery was thereafter discontinued.
Before the sale of 1921 testator made a will dated July 12th, 1916, which bequeathed his household furniture, and so forth, to his wife, but stated:
"My oil paintings are not included in the bequest of furniture in the will, but are to be sold for the benefit of the estate, as soon as a good market can be obtained for the same. Other paintings, sketches and objects of virtue are my wife's."
After this will and codicil were made the sale of the paintings took place, and then the testator made the will that has been probated.
The court is asked to consider these circumstances and to decide whether the widow takes the pictures still remaining after the sale under the clause above recited.
When the testator made his first will his collection of pictures was intact, and under the first will he expressly exempted them as "furniture." Thereafter he sold practically all of his collection and made a second will in which no mention is made of excluding the paintings from the general designation of "furniture." Had he desired the remnant of his art gallery to be excluded from the general term "furniture," he had ample opportunity to do so in his second will.
The question then is: What does the term "furniture and bedding, wherever situate," include, under the last will?
40 Cyc. 1543 says: "The term `household goods,' which is substantially synonymous with furniture, includes everything of a permanent nature used in, purchased or otherwise acquired by the testator for his use. The term has been held to include china, plate, bronzes, statuary and pictures."
In Endicott v. Endicott, 41 N.J. Eq. 93, the court held: "The term `furniture' embraces everything about the house that has been usually enjoyed therewith, including plate, linen, china and pictures." *Page 176 
In the case of Case v. Hasse, 83 N.J. Eq. 170,
Vice-Chancellor Griffin decided: "`Furniture and personal belongings' carry the contents of the apartment as they were at the time of the death of the testatrix," and he cites numerous decisions.
Some memorandums were offered and received in evidence as to the testator's intentions before he made his last will. I repeat what I said from the bench, that no evidential value can be given to these memorandums, for the reason that such a ruling would be permitting the testator to make a will without going through the formalities required by law.
I allowed the first will and codicil in evidence because they were duly executed, and, perhaps, under the decisions, might throw some light on the last will, but these memorandums, I feel, have no evidential value whatever.
In conclusion, it seems to me, after a careful consideration of the facts in this case, that the testator, under his first will, meant to separate his art collection from his other "furniture," but, under his last will, having in interim sold the greater part of his art collection, and having placed what remained in his residence, and having left that residence and that furniture to his wife, he meant to give her all that remained of his art collection.
I will advise a decree accordingly.